**Robert ANDERSON, Ronald Aspgren, et al., Plaintiffs,**

v.

**MONTGOMERY WARD & CO., INC., et al., Defendants.**

**No. 82 C 7277.**

United States District Court, N.D. Illinois, E.D.

Jan. 25, 1989.

Charles Barnhill, Paul Strauss, Davis, Barnhill & Galland, Madison, Wis., Joel Handler, Chicago, Ill., for plaintiffs.

James W. Gladden, Jr., Susan S. Sher, Judith M. Janssen, Mayer, Brown & Platt, Chicago, Ill., Thompson Powers, Ronald S. Cooper, Edmund W. Burke, Peter L. Wellinton, Steptoe & Johnson, Chartered, Washington, D.C., and Lawrence M. Donoghue, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On January 7, 1987 this court denied Montgomery Ward's motion for summary

judgment against a number of plaintiffs in their Age Discrimination in Employment Act (ADEA) case, 29 U.S.C. §§ 621 et seq., but granted the motion as to plaintiff Edwin Casbier. *Aspgren v. Montgomery Ward*, 650 F.Supp. 1480 (N.D.Ill.1987). The court ruled that although most of the plaintiffs had established a prima facie case of age discrimination, Casbier had not. After noting that Montgomery Ward had raised as a separate basis for Casbier's (constructive) discharge the fact that the company had eliminated his position when it fired him, the court stated:

> Casbier has produced no evidence that other positions were available for which he was qualified when he received his [Voluntary Separation Program] offer. Casbier therefore has failed to establish that he lost his job as a result of the VSP program, rather than as a result of the elimination of his job, and has not established a prima facie case of age discrimination.

*Id.* at 1486.

Nine months later, in October 1987, Casbier moved for reconsideration of the judgment against him. He maintains that the judgment was erroneous both because Montgomery Ward raised the issue of the availability of a position only in its reply brief on the summary judgment motion, and because, in any case, there were numerous positions available for which he was qualified at the time he accepted the VSP. Montgomery Ward, in turn, argues that the motion for reconsideration is untimely and that, even if it is not, the court correctly determined that it was the closing of Montgomery Ward's Los Angeles office, rather than age discrimination, which caused plaintiff to accept the VSP.

## DISCUSSION

Montgomery Ward contends that Casbier's motion for reconsideration is predicated on new evidence that could have been produced earlier, and that as such it is too late. *See Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984). Yet, Rule 54(b) of the Federal Rules of Civil Procedure provides an unequivocal answer to Montgomery Ward's position:

> (b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all claims or parties only by an express determination that there is not just reason for delay and upon express direction for the entry of judgment. *In the absence of such determination and direction,* any other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all of the claims and liabilities of all the parties.* (Emphasis added.)

Montgomery Ward could have moved this court for the entry of final judgment against Casbier when the ruling issued, and it is quite possible that the court would have granted the motion. But Montgomery Ward did not do so, so this court may revise its original order if such revision is appropriate.

■ This is not to say, of course, that a motion for reconsideration relying on new evidence is always appropriate. Parties may not (intentionally) hold back facts or legal theories from the court, examine the initial ruling, and then come forward with just enough new material to ensure reversal. *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. at 665–66. But when a party can show good reason for having failed to adduce such material in its argument on the original motion, the court is empowered to review this material and, if necessary, reverse itself.

■ Here, Montgomery Ward concedes that it did not predicate its motion for summary judgment on the absence of an

available position for Casbier and that it raised the issue only in a footnote to its reply brief. It contends, however, that the court really did not base its ruling on that ground. According to Montgomery Ward, the court viewed the absence of an available position as establishing that Casbier's acceptance of the VSP was voluntary and thus held that Casbier, unlike the other plaintiffs, was bound by it.

Montgomery Ward's argument, though creative, is plainly wrong. There simply is no way to read this court's ruling other than as a determination that Casbier could not establish a prima facie case of age discrimination because of the unavailability of a position for him. *Aspgren v. Montgomery Ward*, 650 F.Supp. at 1484–86. Indeed, the court specifically held that the VSP's did not establish that the plaintiffs who signed them relinquished their jobs voluntarily. *Id.* at 1484.*

Given the proper reading of this court's ruling, Casbier is entitled to reversal of the grant of summary judgment against him for three reasons. First, since Montgomery Ward did not base its motion for summary judgment on the absence of an available position for Casbier, granting summary judgment on this ground was improper. *Steward v. Credit Bureau, Inc.*, 734 F.2d 47, 53 & n. 10 (D.C.Cir.1984). Second, there were plenty of other positions within the company for which Casbier was qualified at the time he signed the VSP, so the factual predicate for the court's ruling was incorrect. Third, and perhaps most important, the law has changed since this court's ruling (and plaintiff's motion to reconsider it).

In *Oxman v. WLS–TV*, 846 F.2d 448 (7th Cir.1988), the Seventh Circuit overruled past precedent and held that a plaintiff in an ADEA case involving a reduction-in-force (RIF)—the elimination of a job posi-

tion is "a small-scale RIF," *id.* at 455 n. 3—need not prove "the existence of other open, available positions at the time of the plaintiff's termination." *Id.* at 454 (overruling *Matthews v. Allis–Chalmers*, 769 F.2d 1215 (7th Cir.1985)). Under the new test:

> [P]laintiff can establish a prima facie case by showing that he was within the protected age group, that he was performing according to his employer's legitimate expectations, that he was terminated, and that others not in the protected class were treated more favorably. This formulation merely requires an employer that releases a protected employee while simultaneously hiring (or not "bumping") younger employees to fill positions for which the older employee was qualified to explain his actions without forcing the protected employee to uncover that elusive "smoking gun."

*Id.* at 455–56. Montgomery Ward does not, and in light of its concessions cannot, contend that Casbier was unqualified to fill positions held by younger workers who were retained. Accordingly, Casbier has established a prima facie case of age discrimination.

### CONCLUSION

Plaintiff Casbier's motion for reconsideration of this court's January 7, 1987 order entering summary judgment against him is granted, the judgment against him is vacated, and Montgomery Ward's motion for summary judgment against him is denied.

---

* The court began the section of the decision in which it determined that summary judgment should be granted against Casbier as follows: *"In addition to arguing that they were neither actually nor constructively discharged,* Ward contends that plaintiffs Casbier, Iverson and Houtz are unable to make out prima facie cases of age discrimination for other reasons." *Asp-*

*gren v. Montgomery Ward,* 650 F.Supp. at 1485 (emphasis added). Thus, it is clear that the court's determination that the unavailability of a position for Casbier precluded him from establishing a prima facie case was separate and distinct from the question of whether he voluntarily resigned.